IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY TONY ORTIZ,

    Plaintiff,

v.                                                       No. 13-cv-0786 SWS/SMV

NIETO ENTERPRISES, LLC;
RICHARD M. NIETO; and
CAROLINA CABRALES-NIETO;

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO STAY

THIS MATTER is before the Court on Defendants' Motion to Stay Litigation [Doc. 10], filed on September 16, 2013. Plaintiff ("Ortiz") responded on September 25, 2013. [Doc. 13]. Ortiz also presented supplemental authorities on September 25 and October 7, 2013. [Docs. 14, 17]. Defendants ("the Nietos") replied on October 9, 2013. [Doc. 18]. The Court heard oral argument from the parties on October 22, 2013. [Doc. 19]. Having considered the briefing, supplemental authorities, and oral argument, and being otherwise fully advised in the premises, the Court finds that the motion is not well-taken and should be denied.

## Background

The dispute underlying this case involves some photographs taken by Ortiz, which the Nietos utilized in the marketing of their business. Ortiz argues that the use of the photographs violated his copyright, and the Nietos argue that Ortiz gave them permission to use the photographs. As a result of this disagreement, the parties raced to the courthouse.

On August 19, 2012, Defendant Nieto Enterprises, LLC, filed suit in state court against Ortiz and his wife for breach of contract, alleging that Ortiz had wrongfully reneged on his authorization for use of the photographs.[1]  [Doc. 10-1] at 1–10.  Three days later, Ortiz filed the instant action for copyright infringement.  [Doc. 1].

The Nietos answered the copyright complaint in this Court on September 16, 2013, raising the affirmative defense of express license to use the photographs at issue.  [Doc. 9].  Concurrently with their Answer, the Nietos moved to stay the litigation pending resolution of the state court case.  [Doc. 10].  The Nietos argue that this Court should abstain from or delay exercising its jurisdiction over the case under *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800,  817–18 (1976).  [Doc. 10] at 9–22.

Ortiz responds that abstention under *Colorado River* is not appropriate because this Court has exclusive jurisdiction over the copyright claim.[2]   [Doc. 17] (citing *Prominent Consulting LLC v. Allen Bros., Inc.*, 543 F. Supp. 2d 877, 881–82 (N.D. Ill. 2008) (refusing to stay copyright proceedings pending outcome of related state-court case because federal courts are without discretion to stay proceedings of claims that are within their *exclusive* jurisdiction, such as copyright claims) and *Shepard's McGraw-Hill, Inc. v. Legalsoft Corp.*, 769 F. Supp. 1161, 1166 (D. Colo. 1991) ("[A]bstention under *Colorado River* is clearly inappropriate here, where the claims are within the exclusive jurisdiction of the federal courts.")).

---

[1] Defendant Nieto Enterprises also sued Aldo Venturino and Jennifer Venturino for tortious interference with contract because the Venturinos allegedly persuaded Ortiz's wife to renege on Ortiz's authorization for Nieto Enterprises to use the photographs.  Nieto Enterprises also sued the Venturinos for unfair or deceptive trade practices because, it alleges, Jennifer Venturnio made false statements about Nieto Enterprises on social media and in text messages.  [Doc. 10-1] at 1–10.  The Venturinos are not parties to the copyright action in this Court.

[2] Initially, Ortiz did not assert this argument.  *See* [Docs. 13, 14].  His earlier arguments are not determinative and need not be addressed.  *See id.*

The Nietos did not directly reply to this argument in their briefing. However, at the hearing, their counsel argued that this case is analogous to *THI of New Mexico at Las Cruces v. Fox*, 727 F. Supp. 2d 1195 (D.N.M. 2010). In that case, Fox and others had filed suit against THI in state court on June 8, 2007, asserting several claims related to THI's nursing care of Fox's mother. *Id.* at 1198. On June 26, 2007, THI moved the state court to compel arbitration under the parties' alleged arbitration agreement. *Id.* The state district court ordered the parties to arbitrate. *Id.* at 1199. By April 15, 2010, however, the parties had not arbitrated, and THI filed suit in federal court to attempt to compel arbitration. *Id.* The Honorable James O. Browning, United States District Judge, weighed the *Colorado River* factors and, accordingly, abstained altogether from exercising jurisdiction. *Id.* at 1207–14.

The Nietos urge the Court to follow *THI* and stay this litigation because the underlying dispute in that case was a matter of New Mexico state contract law. *See id.* at 1209. At oral argument, the Neitos urged that here, too, the actual dispute is whether Ortiz gave them a license to use the photographs pursuant to an oral contract, which is a matter of New Mexico state contract law.

*THI*, however, is different from this case in two important respects. First, the dispute in THI was whether the arbitration agreement was enforceable. *THI*, 727 F. Supp. 2d at 1199. This was a question of state contract law, and the state court clearly had jurisdiction to decide the matter. Here, however, the claim at issue is one for copyright infringement. The state court may not decide a copyright claim because federal courts have exclusive jurisdiction over copyright claims. 28 U.S.C. § 1338(a). The fact that the Nietos' affirmative defense (that Ortiz gave them

3

a license to use the photographs) could be decided by the state court in a breach-of-contract suit is beside the point. The claim here is for copyright, and copyright must be decided in federal court. *Id.* Second, by the time anything was filed in federal court in *THI*, the state court had already ruled that the arbitration agreement was enforceable. *THI*, 727 F. Supp. 2d at.1199. Here, the state court has not passed on the Neitos' claim that Ortiz had given them a license to use the photographs. Therefore, the Court finds that *THI* is not persuasive.

The Court will not stay this litigation pending outcome of the state-court proceedings because exclusive jurisdiction of this case lies in this Court. *See, e.g., Prominent Consulting*, 543 F. Supp. 2d at 881–82; *Shepard's McGraw-Hill,* 769 F. Supp. at 1166.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Stay Litigation [Doc. 10] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**