## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JERRY TONY ORTIZ,**

    **Plaintiff,**

**v.**                                                                                                           **No. 13-cv-0786 SWS/SMV**

**NIETO ENTERPRISES, LLC;**
**RICHARD M. NIETO; and**
**CAROLINA CABRALES-NIETO;**

    **Defendants,**

**and**

**NIETO ENTERPRISES, LLC;**

    **Counterclaimant,**

**v.**

**JERRY TONY ORTIZ and AMY ORTIZ,**

    **Counter-defendants.**

### AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' OPPOSED MOTION TO COMPEL

THIS MATTER comes before the Court on Defendants' Opposed Motion to Compel Response to Defendant's First Set of Inter[r]ogatories and Defendant's First Request for Production of Documents [Doc. 53], filed on April 23, 2014. A hearing was held on this motion on May 22, 2014. With respect to the Motion to Compel the Court holds as follows:

Defendants' Motion to Compel Interrogatory #8 is granted with respect to responsive information not previously disclosed. Plaintiff is ordered to supplement his response to Interrogatory #8 to the extent Plaintiff is aware of other information responsive to the Interrogatory.

Defendants' Motion to Compel Interrogatory #12 is granted. Plaintiff is ordered to supplement his response to Interrogatory #12 to the extent Plaintiff is aware of other information responsive to the Interrogatory, or indicate that plaintiff has already produced such information.

Defendants' Motion to Compel Interrogatory #13 is granted. Plaintiff is ordered to supplement his response to Interrogatory #13. If Plaintiff has not been party to a lawsuit, Plaintiff may so state. Plaintiff is not required to disclose lawsuits to which Plaintiff was a party prior to the age of 18.

Defendants' Motion to Compel Plaintiff to Comply with Fed. R. Civ. P. 34(b)(2)(E)(i) is granted. Plaintiff is order to supplement his response to identify, by Bates number(s), which documents are responsive to each of Defendant's Request for Production.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #1 is granted in part and denied in part. Plaintiff is ordered to search for and produce all email communications responsive to Request for Production #1 that have not previously been produced. Beyond that requirement, Defendants' motion is denied.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #2 is granted. Plaintiff is ordered to locate and produce all email communications, if any, responsive

to Request for Production #2 that he had not previously produced, and to represent to Defendants that he has done so.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #3 is granted. Plaintiff is ordered to locate and produce any email communications responsive to Request for Production #3 that have not previously been produced, and to represent to Defendants that he has done so.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #8 is denied.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #9 is denied.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #10 is denied without prejudice.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #11 is denied without prejudice.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #15 is granted. Plaintiff is ordered to produce documents responsive to Request for Production #15 without redaction.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #23 is granted in part and denied in part. Plaintiff is ordered to produce Plaintiff's homeowner's insurance policy.

Defendants' Motion to Compel Plaintiff to respond to Request for Production #27, seeking documents Plaintiff may introduce at trial, is granted. Plaintiff is ordered to supplement his response by either producing additional documents or indicating that documents previously produced include all those he may introduce at trial.

The Court will award reasonable expenses and attorney's fees to Defendants for preparing the Motion to Compel, and for appearing at the May 22nd hearing on the Motion to Compel. Defense counsel is required to submit an affidavit outlining the attorney fees and expenses as described above, on or before May 30th, 2014. Plaintiff's objections, if any, shall be filed on or before June 6th, 2014. Defendants' reply, if any, shall be filed on or before June 13th, 2014.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**